**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

GEORGE ROBERT SCHEIBE,

    Plaintiff,

v.                                               Case No. 8:24-cv-1153-TPB-SPF

WELLS FARGO BANK, NA,

    Defendant.
_____/

**<u>ORDER GRANTING DEFENDANT'S MOTION TO VACATE CLERK'S DEFAULT AND DENYING AS MOOT PLAINTIFF'S MOTION FOR FINAL DEFAULT JUDGMENT</u>**

This matter is before the Court on Defendant Wells Fargo Bank, NA's motion to vacate clerk's entry of default and incorporated memorandum of law, filed on January 30, 2025. (Docs. 17; 20). Plaintiff George Robert Scheibe, who is proceeding *pro se*, has not filed a response, and the time to do so has expired. After reviewing the motion, court file, and record, the Court finds as follows:

"[D]efaults are seen with disfavor because of the strong policy of determining cases on their merits." *Gulf Coast Fans, Inc. v. Midwest Elecs. Importers, Inc.*, 740 F.2d 1499, 1510 (11th Cir. 1984). A court may set aside a default judgment if it is due to "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Because the Court prefers to resolve cases on the merits, and for good cause, the motion to vacate clerk's default is granted.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. Defendant Wells Fargo Bank, NA's motion to vacate clerk's entry of default and incorporated memorandum of law (Docs. 17; 20) is hereby **GRANTED**.

2. The Clerk is directed to set aside the entry of default (Doc. 9).

3. Plaintiff George Robert Scheibe's motion for final default judgment (Doc. 10) is **DENIED AS MOOT**.

4. Defendant Wells Fargo Bank, NA may file its response to the complaint on or before March 4, 2025.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 18th day of February, 2025.

_____
TOM BARBER
UNITED STATES DISTRICT JUDGE